CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 24 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BOOTS AT THE BOOTH,<br>PLAINTIFF, | )<br>)<br>) |
| | ) CIVIL ACTION No. 7:10-CV-00507 |
| v. | ) MEMORANDUM OPINION |
| GENERAL SERVICES<br>ADMINISTRATION, ET AL.,<br>DEFENDANTS. | )<br>)<br>) BY: NORMAN K. MOON<br>) UNITED STATES DISTRICT JUDGE |

"Boots at the Booth" (hereinafter "Plaintiff"), a self-described "Veterans Lobbying Group," has filed a pro se complaint seeking "a preliminary injunction to prevent the relocation of the Roanoke Department of Veterans Affairs." Plaintiff has paid the $350.00 filing fee for filing a civil action in a district court. Upon review of the matter, I find that the civil action must be dismissed without prejudice for lack of subject-matter jurisdiction, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, and Plaintiff is not entitled to the requested preliminary injunction.

I.

Brooks S. McDaniel, as the "CEO" of "Boots at the Booth," signed and filed a document styled as a "COMPLAINT" against the General Services Administration (the "GSA") and the Department of Veterans Affairs (the "VA").[1] The entire complaint states as follows (verbatim):

COMPLAINT

Veterans, Disabled Veterans and members of Boots at the Booth A Veterans Lobbying Group Pro Se, are asking the Western District Court of Virginia to award a preliminary injunction to prevent the relocation of the Roanoke Department of Veterans Affairs.

---

[1] The heading of the complaint indicates that is filed against " Defendant(s) . . . Jointly and Separately," and also identifies "Paul F. Prouty" as "Administrator" of the GSA at the "Poff Federal Bldg." in Roanoke, and "William E. Nicholas" as "Director" of the "Roanoke VA Regional Office."

The GSA has made public, without public input, a $51 million dollar notice of expending tax payer dollars for what appears to be authorization without representation, and proper planning. GSA according to published documents indicates that they will start work as soon as possible and predicts a 3 year time frame to complete the project, yet Senator Webb, Senator Warner, Congressman Goodlette, and Congressman Periello and other government officials can't get any answers from GSA as to expenditure questions, or the impact of such relocation to disabled veterans in their claims process.

AC, Heating, a new roof and new plumbing will not address the "lack of space", of the Department of Veterans' Affairs; awarding several local leases and failing or refusing to fully disclose such transactions is not "transparent government".

The Supreme Court ruled on May 17, 2004 that, "States are not immune from requirements to make court houses accessible under the 1990 Americans with Disability Act. GSA nor the Department of Veterans' Affairs, Roanoke Regional Office, has failed to provided any transparency as to if such accessibility for disabled veterans will be provided in the various non-disclosed buildings.

The Department of Veterans' Affairs Roanoke Regional Office has failed to address what accommodations' if any will be provided by the Department of Veterans Affairs to disabled veterans' who are non-ambulatory, or address if any monetary relief will be provided for assisted transportation.

With these and so many pending questions in regard to the disabled veteran, it becomes even more obvious that neither GSA nor the Department of Veterans Affairs has conducted a proper intuitive approach to the physical and financial impact to disabled veterans.

To quote Mr. Paul F. Prouty, Acting Administrator of the GSA on the 2010 Budget for GSA:

"GSA's FY 2010 BUDGET REQUEST SUPPORTS THE ADMINISTRATION'S COMMITMENTS TO BUILD A TRANSPARENT, PARTICIPATORY, AND COLLABORATIVE GOVERNMENT..."

Veterans Disabled Veterans and members of Boots at the Booth A Veterans Lobbying Group ask the Honorable Court FOR RELIEF, REQUESTING THAT A PRELIMINARY INJUNCTION to PREVENT THE RELOCATION OF THE DEPARTMENT OF VETERANS AFFAIRS ROANOKE REGIONAL OFFICE be AWARDED!

## II.

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Nothing in the instant complaint invokes the court's diversity jurisdiction. However, the complaint does refer to the VA, a government-run military veteran benefit system with Cabinet-level status;[2] to the GSA, an independent agency of the federal government;[3] and obliquely to the Americans with Disabilities Act (the "ADA"), a federal law.

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." And 28 U.S.C. § 1343(3) endows district courts with original jurisdiction to hear a civil action to

> redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. . . .

---

[2] The VA is administered by the Secretary of Veterans Affairs, and is the United States government's second largest department, after the Department of Defense. *See, e.g.*, http://www.va.gov; http://en.wikipedia.org/wiki/United_States_Department_of_Veterans_Affairs.

[3] The GSA is responsible for the purchase, supply, operation, and maintenance of federal property, buildings, and equipment, and for the sale of surplus items. The GSA employs about 12,000 federal workers and has an annual operating budget of roughly $26.3 billion, approximately 1% of which is appropriated from taxpayer dollars. *See, e.g.*, http://www.gsa.gov; http://en.wikipedia.org/wiki/General_Services_Administration.

However,

> It is well established that "[f]ederal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 63 (4th Cir.1988) (internal quotation marks omitted). Consequently, a federal court must dismiss a case whenever it appears that it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Goldsmith*, 845 F.2d at 64.

*Garraghty v. Virginia Retirement System*, 200 Fed. App'x. 209, 211 (4th Cir. 2006).

The existence of subject matter jurisdiction depends upon the assertion of a substantial claim. *Id.* "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal quotation marks & citations omitted); *see also Davis v. Pak*, 856 F.2d 648, 651 (4th Cir. 1988) (federal courts are precluded from exercising jurisdiction when the only federal claim is obviously meritless). Rule 12 authorizes the district court to dismiss a "patently insubstantial complaint . . . for want of subject-matter jurisdiction." *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, the court has an independent obligation to evaluate, *sua sponte*, its subject matter jurisdiction if it is in doubt. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977); *see also Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968) (under the "well pleaded complaint rule," federal subject matter jurisdiction must appear from the face of the complaint, with the burden on the party asserting jurisdiction "to show that jurisdiction does, in fact, exist."); *Apple v. Glenn*, 183 F.3d 477, 479-80 (6th Cir. 1999) (finding that complaint may be dismissed *sua sponte* "for lack of subject matter

4

jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Principles requiring generous construction of pro se pleadings are also not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements; district courts are not required "to conjure up questions never squarely presented to them." *Beaudett*, 775 F.2d at 1278 (adding that "[d]istrict judges are not mind readers").[4]

Liberally construed, the instant complaint does not state a viable federal legal claim. As I can best determine, Plaintiff alleges that the GSA and the VA are proceeding -- with *what*, exactly, one cannot tell, but it has something to do with relocating the VA's Roanoke office (or possibly remodeling the current office or constructing a new office) -- without consulting legislators, obtaining "public input," providing "answers . . . as to expenditure questions, or the impact of such

---

[4] In the context of Rule 8 of the Federal Rules of Civil Procedure, it is clear that a plaintiff must provide enough detail to illuminate the nature of the claim and allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Here, the complaint does not comply with the requirements of Rule 8. In addition to the call in Rule 8(a)(1) for "a short and plain statement of the grounds for the court's jurisdiction," Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading "does not have to set out in detail the facts on which the claim for relief is based," 2 Moore's Federal Practice ¶ 8.04[1], at 8-22 (3d ed. 2002), but must give the court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (stating that the "no set of facts" language in *Conley* is a "famous observation" that "has earned its retirement"))). I add that, in the context of Rule 12(b)(6), a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557), and courts are entitled to dismiss claims when the pleadings are "conclusory" and "do not plausibly establish" that the alleged misconduct occurred. *Id.*, 556 U.S. at ___, 129 S. Ct. at 1951 ("[i]t is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth").

relocation to disabled veterans in their claims process," and without being sufficiently "transparent." To the extent Plaintiff invokes the ADA, Plaintiff lodges similarly conclusory allegations, particularly regarding Defendants' failure to be sufficiently "transparent." These conclusory allegations do not suffice, however, to state a viable federal legal claim that might support the exercise of subject matter jurisdiction.[5] Plaintiff's claims are, at best, "attenuated" and "unsubstantial." *Apple*, 183 F.3d at 479-80. Plaintiff has failed to allege any violation of a federal law or civil right that might support the exercise of jurisdiction under 28 U.S.C. §§ 1331 and 1343, and the court is unable to make any inference as to a possible violation of federal law based upon the complaint. Accordingly, the court has no subject matter jurisdiction to entertain the complaint, and it must be summarily dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

### III.

A plaintiff seeking preliminary injunctive relief must establish that (1) he is likely to succeed on the merits; (2) his likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) a preliminary injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. __, __, 129 S. Ct. 365, 374 (2008); *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346-47 (4th Cir. 2009) (recognizing that *Winter* was in "fatal tension" with Fourth Circuit precedent governing the grant or denial of preliminary injunctions as articulated in *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977), and therefore expressly adopting the *Winter* standard), *vacated on other grounds*, __ U.S. __, 130 S. Ct. 2371, 2010 WL 1641299 (April 26, 2010), *reissued on remand*, 607 F.3d 355 (4th Cir.

---

[5] Although the court holds the complaint of a pro se plaintiff to a less stringent standard than one prepared by an attorney, the court cannot manufacture facts to support conclusory allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

June 8, 2010) (reissuing Parts I and II of earlier opinion, 575 F.3d at 345-47, stating the facts and articulating the standard for the issuance of preliminary injunctions).

Inasmuch as Plaintiff's allegations fail to assert a substantial claim to invoke the court's subject matter jurisdiction, Plaintiff fails to "establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at __, 129 S. Ct. at 374. Accordingly, the motion for a preliminary injunction will be denied.

## IV.

For the stated reasons, this civil action must be dismissed without prejudice for lack of subject-matter jurisdiction, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, and Plaintiff's motion for a preliminary injunction must be denied.

Entered this 24th day of November, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE